UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVISON INVESTMENTS LLC** | **CASE NO.  2:21-CV-00174** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BLACKBOARD INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 16] filed by Blackboard Insurance Company ("Blackboard"), seeking dismissal of plaintiff's claims for bad faith. Plaintiff Stevison Investments, LLC ("Stevison") opposes the motion.

### I.
### BACKGROUND

This suit arises from an insurance claim relating to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. Stevison owns two commercial buildings located at 645 Petro Point Drive and 650 Petro Point Drive, in Lake Charles, Louisiana. At all relevant times these properties were insured through a commercial policy issued by Blackboard. *See* doc. 16, att. 3. The policy affords $428,400 in coverage for 645 Petro Point and $401,880 for 650 Petro Point, subject to a 2 percent windstorm or hail deductible, and includes "Business Income" (business interruption) coverage. *Id.* at 15–18.

Stevison filed claims for damages to both properties and business interruption following Hurricane Laura. Blackboard adjusted the claims through third party administrator Sedgwick, deeming 645 Petro Point a total loss and eventually paying policy

1

limits for it while approving funds for the repair of 650 Petro Point. It has not paid on the business interruption claim, however, and maintains that it lacks sufficient information to do so. Stevison then filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana Revised Statute §§ 22:1892 and 22:1973. Blackboard now moves for summary judgment on the statutory bad faith claims, arguing that any delay or failure to pay was grounded in a reasonable disagreement or lack of sufficient information about the amount of loss. Stevison opposes the motion.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under the first factor, proof of loss, Louisiana courts set no strict requirement as to form and instead only require that the insurer "obtain[] sufficient information to act on the

3

claim." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986)). On the third, compliance with the statute means that the insurer "must pay any undisputed amount over which reasonable minds could not differ." *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010). The insurer does not act arbitrarily or capriciously, however, if it "has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed v. State Farm Mut. Auto. Ins., Co.*, 857 So. 2d 1012, 1021 (La. 2003).

  The undisputed facts show that the company promptly inspected the properties through its third-party administrator, Sedgwick, and declared 645 Petro Point to be a total loss. Doc. 16, att. 11, ¶ 8. For that claim it initially approved a payment of $384,816.21. *Id. Id.* at ¶¶ 8–11. Finally, based on the report of Sedgwick's field adjuster, the company approved $115,010.75 for repairs to 650 Petro Point and an advance of $100,000.00. *Id.* By November 2, 2020, Blackboard had approved payments for (1) policy limits less deductible for the ACV of 645 Petro Point, amounting to $390,241.21, (2) policy limits of $50,000.00 for the demolition of 645 Petro Point, and (3) $122,593.94 for repair of 650 Petro Point. *Id.* at ¶¶ 31–32. Blackboard also communicated to Stevison through the Sedgwick desk adjuster on October 13, 2020, that Tylar Hawkins, a CPA, had been retained to help present the business income claim. *Id.* at ¶ 24. Despite multiple requests for more information on the claim from Hawkins and his firm, neither Stevison nor his counsel, who first made contact with Blackboard on October 22, 2020, provided anything beyond the three leases for 645 Petro Point until September 8, 2021. Doc. 16, att. 5; *see* doc. 16, att. 2, p. 6. Hawkins maintains that the leases do not provide an adequate basis to value the

business income claim. Doc. 16, att. 5. Accordingly, Blackboard asserts that there is no genuine dispute that it has paid all undisputed amounts within the statutory time period, and that it has legitimate grounds for contesting the unpaid amounts.

Stevison asserts, however, that Blackboard is in bad faith with respect to (1) the timeliness of its payments for 645 Petro Point, (2) the timeliness of payment and amount due for 650 Petro Point, and (3) its refusal to pay any amount on the business income claim. Doc. 19, att. 2. It also shows that it produced utility statements and bank statements showing the properties' monthly note payments, in order to illustrate the net income for the properties along with the lease payments, on September 8, 2021. Doc. 19, att. 2. According to Stevison, however, Blackboard maintains that this information is still insufficient to value the business income claim and has paid nothing towards it. Doc. 19, p. 6. Because the business income claim remains unresolved, the court cannot address Blackboard's underlying good or bad faith.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 16] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 30th day of September, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**